## Davis *against* Pender, Administrator.

OPINION of the Court by Judge *Saffold.*

At the *August* term 1820, of *Dallas* Circuit Court, *Pender* recovered Judgment against *Davis*. On the 18th day of *January*, 1822, *Davis* sued out this writ of Error. The Act of *February* 1818 provides, that no writ of Error shall issue after the expiration of twelve months from the rendi-

1, Writ of Error barred by Stat. lim. dismissed on motion. 2, The Act of 1820 does not apply to judgments rendered before its passage.

8

JUNE, 1822.

Davis
v.
Pender Admr.

(a) *Laws Ala.*
*p.* 473, sec. 3.
(b) *L. Ala. p.*
482, sec. 7.

tion of the judgment. (a)  By the Act of *December* 1820, (b) a writ of Error may issue to reverse any final Judgment in the Circuit at any time within three years from the rendition of the judgment.

In resistance of the motion to dismiss, it is contended by the plaintiff in Error, that this matter can only be taken advantage of by plea.—In the Inferior Courts, it is competent for the plaintiff to reply and prove the matters which may take his case out of the operation of the Statute, as a subsequent promise, infancy, &c. the plea must shew that defendant relies on the Statute, in order that the plaintiff may have an opportunity to reply such matter as will prevent the Statute from attaching.  In this Court nothing *dehors* the Record can be considered the reason for requiring the Statute to be plead, therefore does not apply, and the defendant in Error is entitled to avail himself of it by motion.

The Act of 1820, from its terms can apply only to judgments rendered since its enactment.  When this writ of Error was sued out, more than twelve months had elapsed since the rendition of the judgment.  It was barred by the Act of 1818, and must be dismissed with costs.